CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 2 6 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LINDA RAYNOR, | ) |
| Plaintiff, | ) Civil Action No. 5:07CV00010 |
| v. | ) **MEMORANDUM OPINION** |
| ELKMONT APARTMENTS, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Linda Raynor, proceeding pro se, filed this civil action against Elkmont Apartments ("Elkmont"), alleging "breach of contract, breach of international treaty, and [violations of] Virginia law." The case is presently before the court on Elkmont's motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, the court will grant Elkmont's motion.[1]

## Background

Raynor, a resident of Rockingham County, Virginia, filed this action against Elkmont on January 30, 2007.[2] The complaint includes a heading that states as follows:

> BREACH OF INTERNATIONAL TREATY,
> BREACH OF CONTRACT:
> VIOLATION UCC, CAUSING INTENTIONAL
> INFLICTION OF EMOTIONAL DISTRESS,
> NEGLIGENT INFLICTION OF EMOTIONAL
> DISTRESS, DEFAMATION OF CHARACTER

---

[1]Elkmont also moved to dismiss Raynor's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, having concluded that the complaint is subject to dismissal under Rule 12(b)(1), the court need not address whether Raynor's allegations state a claim upon which relief may be granted.

[2]On the civil cover sheet submitted with her complaint, Raynor indicates that Elkmont is located in Rockingham County.

In the paragraph that follows, Raynor states that the court has jurisdiction over the case because "international treaty is federally controlled." Raynor also states that Elkmont included "USC 13 § 1001" in its own contract, that Elkmont's "figures for rent are false" and "figured incorrectly," and that her "rent was off by $70.40 per/month." Raynor alleges that "[t]his is a breach of contract, breach of international treaty and Virginia law." She requests 500 million dollars in damages.

On May 31, 2007, Elkmont moved to dismiss Raynor's complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction. That same day, the court issued a <u>Roseboro</u>[3] notice directing Raynor to file a response to the motion within fifteen days. On June 1, 2007, Raynor filed a notice in which she emphasizes that the case is based on breach of international treaty, breach of contract, and violations of the Uniform Commercial Code. As of this date, no additional response has been filed. Since the fifteen-day period has now expired, Elkmont's motion is ripe for review.

## Discussion

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332. In this case, Raynor asserts that federal question jurisdiction exists.[4]

---

[3] <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975).

[4] Raynor does not attempt to invoke the court's diversity jurisdiction under § 1332. In any event, it appears that complete diversity of citizenship is lacking.

2

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The United States Supreme Court has explained that, with this statute, "Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on [the] resolution of a substantial question of federal law." Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 27 (1983).

The plaintiff bears the burden of alleging and proving the facts conferring subject matter jurisdiction. See Gambelli v. United States, 904 F. Supp. 494, 496 (E.D. Va. 1995). Under the well-pleaded complaint rule, federal question jurisdiction does not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint. Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001).

In moving to dismiss Raynor's complaint pursuant to Rule 12(b)(1), Elkmont argues that the complaint fails to allege facts upon which federal question jurisdiction can be based. Thus, in ruling on the motion, the court must, as with a Rule 12(b)(6) motion, accept the allegations in Raynor's complaint as true and construe all reasonable inferences in the manner most favorable to her. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Having reviewed the allegations in Raynor's complaint, the court agrees with Elkmont that Raynor has failed to allege claims or facts that give rise to federal question jurisdiction. Raynor asserts numerous claims, including breach of contract, intentional infliction of emotional distress, and defamation of character. None of these claims, however, "arise under the

Constitution or laws of the United States."[5] 28 U.S.C. § 1331. While Raynor also cites 13 U.S.C. § 1001, the court is unable to locate such section of the United States Code. In any event, Title 13 governs censuses, a subject matter that is entirely unrelated to Raynor's allegations. In response to Elkmont's motion to dismiss, Raynor emphasizes that the case is based on "breach of international treaty." However, Raynor's vague reference to some unspecified international treaty is insufficient to serve as a basis for federal question jurisdiction See McCartney v. West Virginia, 156 F.2d 739, 741 (4th Cir. 1946) ("Mere references to the federal Constitution, laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction."). For these reasons, the court concludes that federal question jurisdiction does not exist and the court will grant Elkmont's motion to dismiss.

The Clerk is directed to send certified copies of this memorandum opinion to the plaintiff and counsel of record for the defendant.

ENTER: This 26th day of June, 2007.

*/s/ Glen E. Conrad*
United States District Judge

---

[5]The court notes that the Uniform Commercial Code, codified at Virginia Code Title 8.1A through 8.9A, is not federal law.

4